# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATEF MEKKI HAJ HASSEN,<br><br>Petitioner,<br><br>v.<br><br>CRAIG A. LOWE, as Warden of Pike County Correctional Facility, et al.,<br><br>Respondents. | CIVIL ACTION NO. 3:17-cv-01756<br><br>(CONABOY, J.)<br>(SAPORITO, M.J.)<br><br>FILED<br>WILKES BARRE<br>NOV 0 7 2017<br><br>Per _M↳_ |

## REPORT AND RECOMMENDATION

On September 27, 2017, the petitioner, appearing through counsel, filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241. (Doc. 1). On November 2, 2017, exercised its discretion under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, to apply those rules to this § 2241 petition, ordered that the petition be served upon the respondent in accordance with Rule 4, 28 U.S.C. foll. § 2254, and directed the respondent answer the petition within twenty-one days. (Doc. 2).

On November 6, 2017, again acting through counsel, the petitioner filed a motion to dismiss without prejudice. (Doc. 3). An attachment to the motion—the written instructions of the petitioner to his attorney—

suggests that the petitioner wishes to discontinue this habeas action in light of recent developments in the underlying immigration proceedings. (*Id.*).

The motion does not cite the rule itself, but it is clear that the intent of this motion is to effect the voluntary dismissal of this action, without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(a)(1); Fed. R. Civ. P. 81(a)(4) (applying Federal Rules of Civil Procedure to habeas proceedings); R. 12, 28 U.S.C. foll. § 2254 (same); *see also Bezarez v. Pierce*, 107 F. Supp. 3d 408, 415–16 (D. Del. 2015) (applying Rule 41(a) to federal habeas proceedings).

"Rule 41(a)(1) allows a [petitioner] who complies with its terms to dismiss an action voluntarily and without court intervention." *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d Cir. 1987). Specifically, Rule 41(a)(1) provides, in relevant part:

> [T]he [petitioner] may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the [petitioner] previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1).

Without exception, the effect of the filing of a Rule 41(a)(1) notice of voluntary dismissal before service of an answer or a motion for summary judgment is "automatic: the [respondent] does not file a response, and no order of the district court is needed to end the action." *In re Bath & Ktichen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008). Moreover, "the notice results in dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case." *Id.* "[T]he [respondent] has only two options for cutting off the [petitioner]'s right to end the case by notice: serving on the [petitioner] an answer or a motion for summary judgment." *Id.*

As the Third Circuit has further explained:

> The Rule "affixes a bright-line test to limit the right of dismissal to the early stages of litigation," which "simplifies the court's task by telling it whether a suit has reached the point of no return. If the [respondent] has served either an answer or a summary judgment motion it has; if the [respondent] has served neither, it has not." Up to the "point of no return," dismissal is automatic and immediate—the right of the [petitioner] is "unfettered." A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it. A proper notice deprives the district court of jurisdiction to decide the merits of the case.

*Id.* at 165–66 (citations omitted) (quoting other sources).

Because the respondent has not filed an answer to the petition or a motion for summary judgment, the petitioner's motion to dismiss without prejudice, treated as a Rule 41(a)(1) notice of voluntary dismissal, is "self-effectuating" and thus acts to terminate the action. *See Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993) (holding that a Rule 41(a)(1) notice is "self-effectuating").

Accordingly, it is recommended that:

1. This habeas action be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(1); and

2. The Clerk be directed to **CLOSE** this case.

Dated: November __7__, 2017

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ATEF MEKKI HAJ HASSEN,<br><br>    Petitioner,<br><br>    v.<br><br>CRAIG A. LOWE, as Warden of<br>Pike County Correctional Facility,<br>et al.,<br><br>    Respondents. | CIVIL ACTION NO. 3:17-cv-01756<br><br>(CONABOY, J.)<br>(SAPORITO, M.J.) |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated November __7__, 2017. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: November 7, 2017

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge